IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ENRIQUE "RICK" LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, a Municipal | ) | |
| Corporation, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, ENRIQUE "RICK" LOPEZ ("Plaintiff"), by and through his

attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd., and complaining of the

Defendant, CITY OF CHICAGO, a Municipal Corporation, states as follows:

**PARTIES**

1.      Enrique "Rick" Lopez ("Plaintiff") is a resident of Chicago, Illinois.

2.      Defendant, City of Chicago, is a municipal corporation located at 121 N. LaSalle

St., #107,  Chicago, Illinois.

**JURISDICTION AND VENUE**

3.      The claims against Defendant are for race discrimination (Native American) and

hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

*et seq.*, and the Civil Rights Act of 1991, and retaliation for complaining about same.

4.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant

to 28 U.S.C. §§ 1331 and 1343 as these claims arise under the laws of the United States of America.

1

5.      Venue is appropriate in the Northern District of Illinois by virtue of 28 USC § 1391 as Plaintiff's residence and the work performed by Plaintiff on behalf of Defendant took place in this jurisdiction.

## COUNT I - RACE DISCRIMINATION

1-5.    Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1 through 5 above.

6.      Plaintiff brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

7.      Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination (National Origin) with the Equal Employment Opportunity Commission, a true and correct copy of which is attached and incorporated herein as Exhibit B.

8.      Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit A.

9.      Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

10.     Plaintiff is Native American.

11.      Plaintiff worked as an Operator with Defendant in the Department of Water.

12.      In September 2024, Plaintiff was discharged from his position with the City of Chicago Department of Water Management.

13.      Defendant's reason for terminating Plaintiff was a pretext for discrimination.

14.      Defendant subjected Plaintiff to discriminatory comments regarding his race (Native American) and ridiculed in the workplace because of his race.

15. Defendant's ongoing and pervasive treatment of Plaintiff created a hostile work environment.

16. Plaintiff received discriminatory and harassing comments regarding his race (Native American) from Defendant prior to his termination.

17. Plaintiff was performing his duties in a satisfactory manner.

18. Plaintiff's performance was as good, if not better, than individuals at Defendant who were not Native American and who were not terminated by Defendant under similar or worse circumstances.

19. As a result of Defendant's race based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff ENRIQUE "RICK" LOPEZ prays for judgment against Defendant CITY OF CHICAGO as follows:

A. For an award of back pay and lost benefits from September, 2024 through the present;

B. For an award of compensatory damages for injury to Plaintiff's career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, lost wages, and other pecuniary and non-pecuniary damages;

C. For reinstatement, or front pay if reinstatement is deemed inappropriate;

D. For attorney's fees and costs of this suit; and

E. For such other and further relief as is just and equitable.

3

**COUNT II - RETALIATION**

1-5.    Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1 through 5 above.

6.    Plaintiff brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

7.    Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on retaliation with the Equal Employment Opportunity Commission, a true and correct copy of which is attached and incorporated herein as Exhibit B.

8.    Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit A.

9.    Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

10.    Plaintiff is Native American.

11.    Plaintiff worked as an Operator with Defendant in the Department of Water.

12.    Plaintiff engaged in protected activity when he complained internally at Defendant about race discrimination and hostile work environment related to his race.

13.    After complaining about discrimination and hostile work environment, the workplace became progressively more hostile and Defendant began subjecting Plaintiff to discipline as a result of his complaints of discriminatory conduct and hostile work environment.

14.    As a result of Defendant's race based retaliatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

4

WHEREFORE, Plaintiff ENRIQUE "RICK" LOPEZ prays for judgment against Defendant CITY OF CHICAGO as follows:

A.  For an award of back pay and lost benefits from September, 2024 through the present;

B.  For an award of compensatory damages for injury to Plaintiff's career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, lost wages, and other pecuniary and non-pecuniary damages;

C.  For reinstatement, or front pay if reinstatement is deemed inappropriate;

D.  For attorney's fees and costs of this suit; and

E.  For such other and further relief as is just and equitable.

Respectfully submitted,

ENRIQUE "RICK" LOPEZ


By: s/Barry A. Gomberg
One of Plaintiff's attorneys


Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 West Jackson Blvd., Suite 1350
Chicago, IL. 60604
(312) 922-0550

5